**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 03-20038 |
| ) | |
| **CASPER PEETE,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

On February 12, 2007, Defendant Casper Peete filed a Motion for Relief Pursuant to Rule 60(B) (#28). Defendant's Motion is DENIED.

BACKGROUND

On December 22, 2003, this Court sentenced Defendant to a term of 151 months imprisonment following his plea of guilty to the offenses of distributing cocaine base ("crack") in violation of 21 U.S.C. § 841. Defendant appealed, and his appeal was dismissed by the Seventh Circuit Court of Appeals on November 30, 2004. On December 21, 2004, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in case number 04-CV-2286. On April 4, 2005, this court entered an Order which denied Defendant's Motion following careful consideration of all of his claims. Defendant filed a Notice of Appeal. On September 15, 2005, the Seventh Circuit issued its mandate and denied Defendant a certificate of appealability.

ANALYSIS

Defendant asks this court to immediately release him because "the Illinois State Police lab reports . . . never matched the drug type [in the United States Sentencing Guidelines] to trigger the court's subject matter jurisdiction under the federal statute." In Gonzalez v. Crosby, 545 U.S. 524

(2005), the Supreme Court noted that, in many circumstances, a Rule 60(b) motion will properly be found to be a successive habeas petition which should be treated accordingly. Gonzalez, 545 U.S. at 530-31. The Court specifically stated that "a Rule 60(b) motion that seeks to revisit the federal court's denial <u>on the merits</u> of a claim for relief should be treated as a successive habeas petition." Gonzalez, 545 U.S. at 532 (emphasis in original). The Court held, however, that a Defendant may bring a Rule 60(b) motion, following the denial of a habeas petition, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as fraud. Gonzalez, 545 U.S. at 532. In this case, it appears Defendant is challenging the substance of this court's resolution of his § 2255 claim on the merits. Accordingly, he cannot reopen his § 2255 case under Rule 60(b). Furthermore, as this court stated in ruling on Defendant's habeas petition, Defendant admitted under oath and stipulated in his plea agreement that the substance he distributed was crack cocaine. Therefore, there is no basis for Defendant's claim.

    IT IS THEREFORE ORDERED:

    (1) Defendant's Motion for Correction and Amendment to Motion for Relief Pursuant to Rule 60(b) (#29) is GRANTED.

    (2) Defendant's Motion for Relief Pursuant to Rule 60(b) (#28) is DENIED.

    ENTERED this 26th day of February, 2007.

    s/  Michael P. McCuskey

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE