UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 03-CR-20038 |
| ) | |
| **CASPER C. PEETE,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

Defendant, Casper C. Peete, filed a pro se Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (#58) on January 11, 2010. For the following reasons, Defendant's Motion (#58) is DISMISSED for lack of jurisdiction.

BACKGROUND

Defendant, Casper C. Peete, entered a guilty plea on September 11, 2003, to two counts of distributing cocaine base ("crack") in violation of 21 U.S.C. § 841. On December 22, 2003, the court sentenced Defendant to a term of 151 months imprisonment in the Federal Bureau of Prisons. On December 21, 2004, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, in Case No. 04-CV-2286, in which Defendant argued, among other things, that he should not have been classified as a career criminal for sentencing purposes because he was never convicted of aggravated battery with a firearm. This court dismissed his petition on April 4, 2005, finding that Defendant waived his right to file a collateral attack and that he had not provided this court with any basis for not enforcing the waiver. The Seventh Circuit Court of Appeals denied a Certificate of Appealability on November 8, 2005.

On January 11, 2008, Defendant filed a Pro Se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2) (#39) in this criminal case. This court appointed John Taylor of the Federal Defender's office to represent

Defendant.  On September 10, 2008, Defendant filed another Pro Se Motion for Retroactive Application of the Sentencing Guidelines (#43).  On September 12, 2008, Defendant's counsel John Taylor filed a Motion to Withdraw as Counsel for Defendant (#44), stating that since Defendant was sentenced as a career offender, he has no meritorious claim for a reduced sentence pursuant to the retroactive amendment to the sentencing guidelines.  On September 17, 2008, this court entered an Order (#45) granting defense counsel's Motion to Withdraw (#44) and ordering Defendant to file with this court no later than 30 days a pleading that either (a) conceded that the Amendment does not apply because his sentence was to the applicable career offender guideline or (b) explain why the Amendment applies in spite of the sentence to the career offender guideline.  On September 30, 2008, Defendant filed his Response (#47) referring the court to the arguments made in his earlier Motion (#43).

In Defendant's Motion (#43) and Response (#47), Defendant again argued he was not a career offender and this court had improperly sentenced him as such in 2003.  In an Order (#48) dated October 2, 2008, this court found Defendant's arguments unpersuasive and his claims without merit.  Defendant's Pro Se Motions for Reduction in Sentence (#39), (#43) were denied, and the Seventh Circuit denied Defendant's appeal on March 3, 2009.  On January 11, 2010, Defendant filed this current Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (#58).

## ANALYSIS

In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-32 (2005), the United States Supreme Court noted that, in many circumstances, a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure will properly be found to be a successive habeas petition which should be treated accordingly.  The Court held, however, that a petitioner may bring a Rule 60(b) motion, following a denial of habeas petition, "when a Rule 60(b) motion attacks, not the substance of

the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532.

In this motion, Defendant argues, for at least the fourth time since his sentencing, that he was improperly sentenced as a career offender. Defendant argues the government improperly persuaded the court that defense counsel's objection to the Pre-Sentence Report's giving Defendant three points each for two state court convictions, residential burglary and possession of a firearm by a felon (for which Defendant was sentenced on the same day), was moot. Defendant believes the issue was not moot because had the court ruled in Defendant's favor, he would not have been classified as a career offender. It should be noted that Defendant refers to himself as "petitioner" in his motion and put both his criminal case number, 03-CR-20038, and his civil habeas case number, 04-CV-2286, on the caption of his motion.

The fact that Defendant labeled his motion as a request for relief under civil Rule 60(b) rather than § 2255 "is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated." United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007), cert. denied, 127 S. Ct. 2895 (U.S. 2007). "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." Carraway, 478 F.3d at 848. The statute's opening paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see also

Carraway, 478 F.3d at 848-49.  This court concludes that Defendant's pro se Rule 60(b) Motion, which seeks to have a hearing to have his sentence recalculated, is properly understood as a request for relief pursuant to § 2255.  See Carraway, 478 F.3d at 849.

Understood as a request for relief under § 2255, Defendant's motion is "subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals."  Carraway, 478 F.3d at 849; 28 U.S.C. § 2255(h).  "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request."  Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  Because Defendant has not sought or obtained authorization from the court of appeals, this court has "no option other than to dismiss his motion."  See Carraway, 478 F.3d at 849; Nunez, 96 F.3d

IT IS THEREFORE ORDERED that Defendant's pro se Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is dismissed for lack of jurisdiction.

ENTERED this 19th day of January, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE